

**R23 LAW APC**
Peng Shao (319624)
Peng@R23Law.com
Hoosai Kabiri (319400)
Hoosai@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel:  888-533-2948
Fax:  415-558-0230

*Attorneys for Plaintiff Nikolay Dilanyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIKOLAY DILANYAN**, individually and on behalf of others similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> **G-STAR RAW ESTORE, INC;** and **DOES 1 to 50,** inclusive; <br><br> Defendants. | CASE NO. <br><br> **CLASS COMPLAINT AND JURY DEMAND:** <br><br> 1. THE TELEPHONE CONSUMER PROTECTION ACT <br><br> **JURY TRIAL DEMANDED** |

---

CLASS COMPLAINT AND JURY DEMAND

Plaintiff NIKOLAY DILANYAN ("Plaintiff") files this Class Action Complaint and Demand for Jury Trial against Defendants G-STAR RAW ESTORE, INC; and DOES 1 to 50, inclusive (collectively "Defendant"), and based on information and belief, hereby alleges and complains as follows:

## INTRODUCTION

1.      This is putative class action for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, in sending telemarketing messages at unlawful times.

2.      This case arises from Defendant's repeated and unauthorized telemarketing text messages sent to Plaintiff and other consumers during prohibited hours, in direct violation of the TCPA's "quiet hours" rule.

3.      The TCPA strictly prohibits telemarketing calls and texts to consumers before 8:00 a.m. and after 9:00 p.m., local time at the recipient's location. This safeguard exists to protect consumers' privacy and prevent intrusions at times when such interruptions are most unwelcome.

4.      Defendant ignored this restriction and continued sending marketing text messages outside of lawful hours, disturbing consumers during their early mornings and late evenings.

5.      Defendant's actions were not isolated mistakes. They were part of an ongoing marketing practice conducted without regard for legal compliance or consumer privacy.

6.      These messages were sent for the sole purpose of promoting Defendant's products and driving sales, regardless of the inconvenience and harm caused to recipients.

7.      Under the TCPA, liability for quiet hours violations is strict. Defendant's failure to comply with these time-based restrictions subjects it to statutory damages, without regard to whether it used an autodialer or obtained prior consent.

CLASS COMPLAINT AND JURY DEMAND

8.    The TCPA entitles any person who receives more than one telemarketing call or text during prohibited quiet hours to recover statutory damages of up to $500 per violation, and up to $1,500 per violation for willful or knowing misconduct.

9.    Through this action, Plaintiff seeks to hold Defendant accountable for its repeated invasions of privacy, deter future violations, and obtain all available remedies provided by law, including statutory damages and injunctive relief.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

11.    This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the proposed class consists of at least one member who is a citizen of a different state than Defendant, and the amount in controversy exceeds $5,000,000.

12.    Defendant is subject to personal jurisdiction in this District because it conducts business in California, targets consumers in this District, and sent the unlawful text messages at issue to Plaintiff while he was located in this District.

13.    Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

14.    Plaintiff Nikolay Dilanyan is a natural person and current resident of Los Angeles County, California.

15.    Plaintiff is a "called party" and "residential telephone subscriber" as those terms are used in the Telephone Consumer Protection Act and its implementing regulations.

16.    Plaintiff suffered concrete injuries, including invasion of privacy and



disruption of daily life, sufficient to confer Article III standing.

17.    Defendant G-Star Raw eStore, Inc. is a Delaware corporation with its principal place of business located at 666 Broadway, 5th Floor, New York, NY 10012.

18.    Defendant is a nationwide retailer that markets and sells clothing products, including through online channels targeting consumers throughout California and this District.

19.    Defendant is a "person" as defined by 47 U.S.C. § 153(39) and is subject to liability under the TCPA.

20.    The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the CCP § 474. Plaintiff is informed and believes, and thereon alleges that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

21.    Plaintiff resided in Chatsworth, California, located in Los Angeles County.

22.    Plaintiff received all of the unlawful telemarketing text messages from Defendant while residing in Los Angeles, California.

23.    Defendant is a clothing retailer that markets its products through



aggressive telemarketing campaigns, including mass text message solicitations sent directly to consumers' personal cell phones.

24.    Defendant uses these text messages to advertise sales, promotions, and other commercial offers designed to drive traffic to its online store and increase product sales.

25.    Between November 28, 2022, and December 2, 2024, Defendant made at least forty-five (45) business marketing solicitations to Plaintiff's cellphone number ending in 8888, from Defendant's 70377 number, either before 8am or after 9pm in Plaintiff's local time as depicted below:




26.    As displayed by the above screenshots, the telephone message

solicitations were initiated at 7:13am, 6:10am, and 7:06am in Plaintiff's local time.

27.  Plaintiff was physically located in Los Angeles County at the time each message was received.

28.  Defendant sent at least forty-five (45) business solicitation messages to Plaintiff before 8am or after 9pm in Plaintiff's local time.

29.  Defendant's messages did not include any sort of opt-out instructions.

30.  Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing.

31.  These messages were received by Plaintiff before 8:00 a.m. or after 9:00 p.m., local time at Plaintiff's location, in violation of the Telephone Consumer Protection Act's quiet hours restriction, 47 C.F.R. § 64.1200(c)(1).

32.  Plaintiff uses the cellular telephone number that received Defendant's text messages for personal purposes. This number is Plaintiff's primary personal line and main point of contact, and is not used for business purposes.

33.  Plaintiff did not consent to receive marketing text messages from Defendant during prohibited hours, nor did Plaintiff provide express permission to be contacted at those times.

34.  Defendant's messages were not made for emergency purposes and did not concern any transaction initiated by Plaintiff.

35.  The sole purpose of these text messages was to promote Defendant's retail products and solicit purchases from Plaintiff and other consumers.

36.  Defendant sent these messages using automated systems capable of transmitting large volumes of text messages with minimal human intervention, though the use of autodialers is not a required element of Plaintiff's claims.

37.  Defendant failed to implement adequate policies or procedures to ensure compliance with the TCPA's quiet hours provision, resulting in text messages being sent to consumers, including Plaintiff, outside of lawful hours.



38.    Defendant's conduct was not an isolated incident. Upon information and belief, Defendant engaged in a widespread practice of sending marketing text messages to consumers during prohibited quiet hours without verifying recipients' local time zones.

39.    Upon information and belief, Defendant maintains or has access to outbound transmission records for its marketing text messages. These records identify the dates, times, recipient phone numbers, and content of each message sent to Plaintiff and Class members.

40.    By sending text messages at unlawful times, Defendant intruded upon Plaintiff's seclusion and disrupted his personal life during early morning and late evening hours.

41.    Plaintiff was annoyed, frustrated, and inconvenienced by these unwanted text messages, which invaded his privacy and disturbed his peace.

42.    Plaintiff's experience reflects a pattern of misconduct by Defendant, who prioritized marketing reach over compliance with federal law and basic consumer privacy.

## **CLASS ALLEGATIONS**

### PROPOSED CLASS

43.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to R23 of the Federal Rules of Civil Procedure.

44.    Plaintiff seeks to represent "the Class" defined as:

**All persons in the United States who, (1) within four years preceding the filing of this action and up through the date of class certification, (2) received more than one telemarketing text message from Defendant, or from a third party acting on Defendant's behalf, (3) during any twelve-month period, (4) where at least one of those**

**messages was sent before 8:00 a.m. or after 9:00 p.m., local time at the recipient's location.**

45.    Plaintiff reserves the right to amend or refine the proposed Class definition as further investigation and discovery reveal additional facts.

46.    Excluded from the Class are Defendant, its officers, directors, employees, agents, and affiliates, as well as any entity in which Defendant has a controlling interest. Also excluded are the Court and its staff.

<u>NUMEROSITY</u>

47.    The proposed Class includes thousands of individuals across the United States who received telemarketing text messages from Defendant during prohibited quiet hours.

48.    Defendant's outbound transmission records and message logs will identify the total number of affected consumers and establish the numerosity of the Class.

49.    Joinder of all Class members would be impracticable given the size and geographic dispersion of the Class.

50.    The exact number and identities of Class members are presently unknown and can be determined through discovery. Identifying Class members is a ministerial task based on Defendant's business records.

<u>COMMONALITY</u>

51.    There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members, including but not limited to:

52.    Whether Defendant sent telemarketing text messages to Plaintiff and Class members before 8:00 a.m. or after 9:00 p.m., local time, in violation of the TCPA and its implementing regulations;

a.    Whether each such text message constitutes a separate violation of

CLASS COMPLAINT AND JURY DEMAND

the TCPA's quiet hours provision, 47 C.F.R. § 64.1200(c)(1);

b.  Whether Defendant had policies or procedures in place to ensure compliance with the TCPA's quiet hours restrictions;

c.  Whether Defendant failed to implement practices to avoid contacting consumers during prohibited quiet hours;

d.  Whether Defendant's violations of the TCPA were knowing and/or willful within the meaning of 47 U.S.C. § 227(c)(5);

e.  Whether Plaintiff and Class members are entitled to statutory damages for each violative text message, and in what amount;

f.  Whether Plaintiff and Class members are entitled to treble damages for Defendant's willful and knowing violations of the TCPA;

g.  Whether Defendant's conduct caused Class members to suffer common types of harm, including invasion of privacy, annoyance, intrusion upon seclusion, and disruption of daily life;

h.  Whether Defendant's conduct warrants injunctive relief to prevent further violations of the TCPA's quiet hours provision;

i.  Whether the means by which Defendant transmitted the subject messages—regardless of whether an autodialer was used—fall within the scope of conduct prohibited by 47 U.S.C. § 227(c);

j.  Whether identifying violations of the quiet hours provision can be accomplished through objective criteria using Defendant's outbound message records, timestamps, and consumer data;

k.  Whether common evidence, including Defendant's own records, is sufficient to establish Defendant's liability on a class-wide basis without individualized determinations.

53.  The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations without consent is accurate, Plaintiff and the Class members will have

CLASS COMPLAINT AND JURY DEMAND

identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

54.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

ADEQUACY

55.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with those of the Class because they are based on the same legal theory and factual allegations.

56.     Plaintiff has retained counsel experienced in prosecuting TCPA class actions and will vigorously pursue this matter on behalf of the Class.

SUPERIORITY

57.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

58.     The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation, making class treatment appropriate.

59.     Class-wide adjudication will avoid the risk of inconsistent rulings and will promote judicial efficiency by resolving common legal and factual issues in a single proceeding.

60.     Defendant's conduct applies equally to all Class members, making injunctive relief appropriate on a class-wide basis to prevent further violations.

61.     The prosecution of separate actions by individual Class members would create a risk of inconsistent adjudications and would unnecessarily burden the judicial system.

62.     Certification of the proposed Class is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods of



R23 LAW

adjudicating this dispute.

63.    Certification is also appropriate under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, making final injunctive relief appropriate for the Class as a whole.

## **FIRST CAUSE OF ACTION**

Violations of the Telephone Consumer Protection Act (TCPA)

*47 U.S.C. § 227(c) and 64.1200*

*[Individually and on Behalf of the Class]*

64.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

65.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

66.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(c).

67.    Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

68.    Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party's location).

69.    Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class

11

members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

70.    Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for judgment against all Defendants, and each of them, as follows:

1.    Certifying this case as a class action pursuant to R23 of the FRCP;

2.    Appointing Plaintiff as the representative of the Class;

3.    Appointing Plaintiff's counsel as Class Counsel;

4.    Awarding statutory damages of $500 per violation, and up to $1,500 per willful or knowing violation, to Plaintiff and each Class member pursuant to 47 U.S.C. § 227(c)(5);

5.    Injunctive relief;

6.    Reasonable attorneys' fees and costs as permitted by law;

7.    Pre-judgment and post-judgment interest as permitted by law; and

8.    Any other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DATED:  May 21, 2025

BY: _____

Peng Shao, ESQ

**R23 LAW APC**
Peng Shao
peng@R23Law.com

*Attorney for Plaintiff Nikolay Dilanyan*



R23 LAW

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

CLASS COMPLAINT AND JURY DEMAND